NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANN MARIE CONTINO AND KEVIN CONTINO, | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | **OPINION** |
| v. | Civ. No. 09-4594 (DMC) (JAD) |
| BLUE MELODY TOURS, ROBERTO'S WATERSPORTS, RED SAILS SPORTS, PASA BON, THE ARUBA HYATT REGENCY, THE ARUBA MARRIOTT RESORT, THE RENAISSANCE ARUBA BEACH RESORT AND/OR THE HOLIDAY INN SUNSPREE RESORT AND CASINO, JOHN DOES 1-10 (fictious names, real names unknown), ABC CORPS. 1-10 (fictitious names, real names unknown), | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before the Court upon the motions of Defendants Red Sail Sports ("Red Sail"), Hyatt Aruba N.V. ("Hyatt Aruba"), the vessel Pasa Bon, and Aruba Marriot Resort & Stellaris Cassino ("Aruba Marriot") to dismiss the First Amended Complaint on the basis of lack of personal jurisdiction and forum non conveniens. No oral argument was heard pursuant to Rule 78. For the reasons stated below, Defendants' motions are **granted**.

## I. BACKGROUND[1]

This personal injury action was commenced on August 11, 2009 in the Superior Court of New Jersey, Morris County. Plaintiffs allege that while on vacation in Aruba on August 10, 2006, they took a boat tour operated by Blue Melody Tours, Roberto's Watersports, and a number of fictitious corporations in the waters around the island on board a vessel owned and or operated by Red Sail called the Pasa Bon. Due to the alleged negligent and careless operation of the boat, Mrs. Contino allegedly suffered injuries when she "f[e]ll off her feet" and struck her back on board. Am. Compl. ¶¶ 3-4 (First Count). The Amended Complaint alleges that Aruba Marriot and Hyatt Aruba, along with various other hotels negligently supervised and sanctioned the operation of the boat tour. Am. Compl. ¶¶ 1-6 (Second Count).

Aruba Marriot removed the action to this Court on the basis of diversity jurisdiction on September 8, 2009. Aruba Marriot's Br. 1. The parties appeared for an Initial Rule 16 Conference on April 1, 2010. Id. Following the conference, the United States Magistrate Judge entered a limited discovery schedule with respect to jurisdictional discovery only, entitling Plaintiffs to serve interrogatories and a Notice to Produce on Aruba Marriot, Red Sail, and Hyatt Aruba by April 11, 2010. Id. at 1-2. Plaintiffs never served any discovery upon the defendants. Id.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(k), a district court may exercise jurisdiction over a nonresident defendant to the extent permitted by the law of the state where the district court sits. See Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004) ("A federal court sitting in New Jersey has jurisdiction over

---

[1] The facts in the Background section have been taken from the parties' submissions.

parties to the extent provided under New Jersey state law."). "New Jersey's long arm statute confers jurisdiction over nonresidents to the extent allowed under the United States Constitution." Horton v. Martin, 133 Fed. Appx. 859, 860 (3d Cir. June 15, 2005). The Fourteenth Amendment of the United States Constitution "limits the reach of long-arm statutes so that a court may not assert personal jurisdiction over a nonresident defendant who does not have certain minimum contacts with the forum such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 436-37 (3d Cir. 1987) (citation and internal quotations omitted).

For a court to exercise jurisdiction over a defendant, the defendant must have specific or general contacts with the forum. See Horton, 133 Fed. Appx. at 860. General jurisdiction exists when the defendant has "continuous and systematic conduct in the forum that is unrelated to the subject matter of the lawsuit." Associated Bus. Tel. Sys. Corp. v. Danihels, 829 F. Supp. 707, 711. Specific jurisdiction exists "when the particular cause of action at issue arose out of the defendant's contacts with the forum." Id. "Once a defendant raises the defense of lack of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." Horton, 133 Fed. Appx. at 860.  While "[a] court must accept as true the allegations in the complaint and resolve disputed issues of fact in favor of the plaintiff. . . . the plaintiff cannot rely on the pleadings alone but must provide actual proofs." Ameripay, LLC v. Ameripay Payroll, Ltd., 334 F. Supp. 2d 629, 633 (D.N.J. 2004).  If minimum contacts are established, "the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable." Id.

## III. DISCUSSION

A. <u>Aruba Marriot</u>

Aruba Marriot asserts that the Court lacks personal jurisdiction over it because it has never had an office or business site in the State of New Jersey, does not own or lease property in New Jersey, has no officers or employees stationed in New Jersey, does not hold directors meetings or maintain records in New Jersey, has no telephone listing in New Jerey, has not sold products in the state, has not obtained any New Jersey permits and has not negotiated any contracts in the state. Aruba Marriot Br. 8.  The only contact Aruba Marriot claims it has to the state is that "Marriot Aruba, the company, which operates and manages a hotel owned by Plant Hotel, N.V., for which the trade name Aruba Marriot Resort & Stellaris Casino applies, maintains a bank account in the State of New Jersey." <u>Id.</u> at 10.  The purpose of the bank account is to handle hotel transactions that utilize U.S. funds.  <u>Id.</u>  Neither party alleges that Plaintiffs ever paid into the New Jersey bank account or that said bank account had any relation to Mrs. Contino's injuries.  Given the lack of only the most threadbare of contacts between Aruba Marriot and the state, this Court finds that Plaintiffs have failed to meet their burden of proving that personal jurisdiction exists.

B. <u>Hyatt Aruba</u>

Hyatt Aruba argues that personal jurisdiction is lacking because it has never maintained an office in New Jersey, has not owned property in New Jersey, has never listed itself in any New Jersey phone book, has not maintained any bank accounts in the state, does not have any named agents or officers in the state and has never obtained a state license or permit in New Jersey.  Red Sail Br. 5. There is no evidence in the record to establish that Hyatt Aruba has directed its activities to the State of New Jersey.  Accordingly, the Court finds that it may not exercise personal jurisdiction over Hyatt

Aruba.

C. <u>Red Sail</u>

Red Sail claims that it is a small business operating in Aruba and has no contacts whatsoever with the State of New Jersey. Red Sail Br. 6. Red Sail does not directly solicit business with the state, either by advertisements in newspapers or on television, does not have any bank accounts in the state, or employees or agents. Because there is no evidence to establish that Red Sail has any contacts with the State of New Jersey, the Court finds that personal jurisdiction over Red Sail is lacking.

D. <u>Pasa Bon</u>

Pasa Bon claims that it does not operate commercially within the territorial waters of the United States, and has no contacts with New Jersey. Plaintiffs have failed to allege any connection between the vessel and the state. Accordingly, the Court will not assert personal jurisdiction over Pasa Bon.[2]

### IV. <u>CONCLUSION</u>

For the reasons stated, Defendants' motion to dismiss for lack of personal jurisdiction is granted and the First Amended Complaint is dismissed.[3]

                                             S/ Dennis M. Cavanaugh
                                             Dennis M. Cavanaugh, U.S.D.J.

Date:        December  29 , 2010

---

[2] Because the Court has found that it lacks personal jurisdiction over the Defendants, it will not reach the issue of whether New Jersey is an inconvenient forum.

[3] Though the remaining defendants did not join in the present motions, the Amended Complaint is also dismissed as to them because Plaintiffs have failed to serve summonses upon those parties.